UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDY ALEXANDER GARCIA GARCIA, | § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:25-CV-06084 |
| PAMELA BONDI, *et al.*, | § § § | |
| Respondents. | § § | |

## ORDER GRANTING PRELIMINARY INJUNCTION

The petitioner, Freddy Alexander Garcia Garcia filed a petition for a writ of habeas corpus challenging his detention by United States Immigrations and Customs Enforcement. This Court issued a temporary restraining order directing his release from custody. On January 13, 2026, the Court conducted a hearing.

**A.   Background**

The petitioner is a citizen of Guatemala. He and his father fled Guatemala to escape gang violence. He entered the United States without inspection on or about November 14, 2016. The petitioner was 11 years old at that time. The petitioner has filed an Application for Asylum and for Withholding of Removal under the Convention Against Torture in 2018, and he has had work authorization since 2022. His asylum application was denied in 2024, but his appeal of that decision remains pending. Garcia remained at liberty from shortly after his arrival in the United States until his recent arrest.

On October 25, 2025, the petitioner was arrested in Galveston for public intoxication. He has not been arraigned on that charge. The petitioner was transferred to ICE custody on October 27, 2025.

## I.     Legal Standards

There are four prerequisites for the extraordinary relief of a preliminary injunction. A court may grant this relief only when the movant establishes that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the respondent; and (4) the granting of the order will not disserve the public interest. *Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir.1987) (citing *Canal Auth. of the State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974) (en banc)). The party seeking injunctive relief must prove each of the four elements before a preliminary injunction can be granted. *Mississippi Power & Light Co. v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir.1985); *Clark,* 812 F.2d at 993.

## II.    Analysis

### A.     Likelihood of Success on the Merits

The petitioner shows that he is lawfully in the United States as an applicant for asylum. The respondents argue that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Like most courts to consider this issue in the last few months, this Court concludes that § 1225 does not apply to this case. First, and contrary to the respondents' argument, exhaustion does not bar this Court's review because it is not a statutory requirement in these circumstances. *See Lopez Benitez v. Francis*, 25 Civ. 5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025). When a "'legal question is fit for resolution and delay means hardship,' a court

may choose to decide the issues itself." *Pizarro Reyes*, 2025 WL 2609425, at *3 (quoting *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000)).

The issue here largely involves a question of statutory interpretation, which is historically within the province of the courts. *Id*. The Court concludes that 8 U.S.C. § 1226, not § 1225, applies to this case. As almost every federal court to consider this issue has concluded, "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades" support finding that § 1226 applies to these circumstances. *Castanon-Nava v. United States Dep't of Homeland Security*, 161 F.4th 1048 (7th Cir. 2025); *Pizarro Reyes*, 2025 WL 2609425, at *4 (E.D. Mich. Sept. 9. 2025); *see also Lopez-Arevelo*, 2025 WL 2691828, at *7 (W.D. Tex. Sept. 22, 2025) ("In recent weeks, courts across the country have held that this new, expansive interpretation of mandatory detention under the INA is either incorrect or likely incorrect."); *Rodriguez v. Bostock*, No. 3:25-cv-5240, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sep. 30, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947, at *6 (D. Minn. Oct. 1, 2025) (joining the "chorus" of courts concluding that § 1226 applies). The Court need not repeat the "well-reasoned analyses" contained in these opinions and instead simply notes its agreement. *Chogllo Chafla v. Scott*, No. 2:25-cv-437, 2025 WL 2688541, at *5 (D. Me. Sep. 21, 2025). The respondents have failed to provide controlling authorities or persuasive reasons that would justify reaching a different result. The petitioner therefore demonstrates a likelihood of success on the merits.

### B.     Irreparable Harm

Returning the petitioner to custody would cause him to suffer continued deprivation of his liberty. Petitioner demonstrates that allowing ICE to re-detain him would cause him to suffer irreparable harm.

### C. Relative Injury

As noted above, the petitioner would suffer grave and irreparable harm from confinement. Moreover, the parties agreed at the hearing that the Fifth Circuit has granted expedited review in a case raising the same legal issues presented in this case, and that the decision in that case will likely be dispositive in this case. Maintaining the status quo pending resolution of the controlling legal issue causes no injury to the respondents.

### D. Public Interest

Maintaining the status quo to allow for resolution by the Court of Appeals of the controlling legal issue serves the public interest. If the Court of Appeals ultimately determines that the petitioner is subject to mandatory detention, the government can take him into custody at a later date. There is no reason to believe that the petitioner is a flight risk, or that his continued presence in the United States poses any risk to the public or to the security or safety of the United States.

### E. Conclusion

All four factors weigh in favor of granting a preliminary injunction, and both parties agreed at the hearing that entry of a preliminary injunction is appropriate at this time.

### F. Security

The respondent faces no financial harm from compliance with this order. The Court therefore waives any requirement that the petitioner post security.

## III. Order

It is hereby ORDERED as follows:

1. The respondents, their agents, employees, and successors are restrained and enjoined from taking the petitioner into custody, and from removing the petitioner from the United States while this order remains in effect;

2. The respondents shall notify all relevant personnel that the petitioner is not to be taken into custody or removed while this order remains in effect;

3. The petitioner shall comply with all reporting requirements set by ICE, as well as ankle monitoring at the discretion of ICE, while his petition remains pending.

**The Clerk will provide a copy of this Order by email to the respondents at [USATXS-CivilNotice@usa.doj.gov](mailto:USATXS-CivilNotice@usa.doj.gov).**

It is so ORDERED.

SIGNED on January 13, 2026, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge